STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS & PETRONI, LTD.
417 West Plumb Lane
Reno, NV 89509
Telephone: (775) 786-7600
Facsimile: (775) 786-7764
E-Mail: steve@renolaw.biz
Proposed Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

IN RE:

KINSLEY RESOURCES, INC., a Nevada corporation,

Debtor.

_____/

Case No. BK-N-12-51217-btb
(Chapter 11)

**EX PARTE APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY ATTORNEYS UNDER A GENERAL RETAINER [HARRIS & PETRONI, LTD]**

Hearing Date: N/A

COMES NOW, KINSLEY RESOURCES, INC., a Nevada corporation, (hereinafter "Debtor"), by and through its proposed attorney, STEPHEN R. HARRIS, ESQ., of HARRIS & PETRONI, LTD., and hereby files its EX PARTE APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY ATTORNEYS UNDER A GENERAL RETAINER [HARRIS & PETRONI, LTD.], as its general bankruptcy counsel, and represents as follows:

1. On May 25, 2012, an Involuntary Petition for Chapter 7 relief was filed against the Debtor by certain Petitioning Creditors. On April 24, 2013, this Court entered its Order (Docket No. 33) converting the involuntary Chapter 7 petition to a voluntary petition under Chapter 11 of the Bankruptcy Code.

2.  No trustee has been appointed and Debtor acts as Debtor-in-Possession herein. Debtor is not sufficiently familiar with the rights and duties of debtor-in-possession as to be able to plan and conduct proceedings without the aid of competent counsel. Specifically, the retention of attorneys is necessary in connection with the following matters:

(a) the examination and preparation of records and reports as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules;

(b) the preparations of applications and proposed orders to be submitted to the Court;

(c) the identification and prosecution of claims and causes of action assertable by Applicant on behalf of the estate herein;

(d) the examination of proofs of claim anticipated to be filed herein and the possible prosecution of objections to certain of such claims;

(e) advising the Debtor and preparing documents in connection with the contemplated ongoing operation of the Debtor's business, if any;

(f) assisting and advising the Debtor in performing other official functions as set forth in Section 521, et seq., of the Bankruptcy Code; and

(g) advising and preparing a Plan of Reorganization, Disclosure Statement, and related documents, and confirmation of said Plan, as provided in Section 1101, et seq., of the Bankruptcy Code.

3.  The Debtor has conferred with, and now desire to retain and employ, STEPHEN R. HARRIS, ESQ., and his law firm of HARRIS & PETRONI, LTD., as its attorneys under a general retainer to perform all the above-described legal services necessary and desirable in the administration and reorganization of this estate, pursuant to 11 U.S.C. § 327.

4.  The Debtor has selected as its attorneys STEPHEN R. HARRIS, ESQ., and the law firm of HARRIS & PETRONI, LTD. because of the extensive experience and knowledge of the firm's members in the field of bankruptcy, reorganization, and debtors' and creditors' rights. Accordingly, the Debtor believes that these attorneys are well qualified to represent it in this Chapter 11 reorganization case.

5. It is necessary and essential that the Debtor employs the attorneys under a general retainer based on time and standard billable charges. A general retainer is necessary because of the extensive legal services required for this estate. Upon the depletion of said advance retainer of Eight Thousand Eight Hundred Fifty Five and 60/100 Dollars ($8,855.60), the law firm shall be paid for its normal actual time charges and disbursements, with all fees and costs, including those paid from the advance retainer, subject to approval by the Court. Debtors have agreed that HARRIS & PETRONI, LTD. be compensated for services at the following rates: Stephen R. Harris, Esq., - $400.00 per hour; Chris D. Nichols, Esq. - $375.00 per hour; Gloria M. Petroni, Esq. - $350.00 per hour; and paraprofessional services -$225.00 per hour. These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and on occasion, to reflect each attorney's or paraprofessional's increased experience and expertise in the area of bankruptcy law. This basis of compensation is expressly authorized pursuant to Sections 328(a), 330 and 331 of the Bankruptcy Code.

6. STEPHEN R. HARRIS, ESQ., and his law firm of HARRIS & PETRONI, LTD. has indicated her willingness to act on the Debtor's behalf and to be compensated in accordance with the terms and conditions set forth in Paragraph 5 herein, and as set forth in the parties' retainer agreement attached hereto and incorporated herein as **Exhibit "A"**.

7. To the best of Applicant's knowledge, STEPHEN R. HARRIS, ESQ., and the members and associates of the firm of HARRIS & PETRONI, LTD., do not have any connection with the Debtor, its creditors or any other party in interest, or its respective attorneys or accountants, the United States Trustee, or any person in the office of the United States Trustee. STEPHEN R. HARRIS, ESQ., and his law firm represent no interest adverse to the estate in matters upon which it is to be retained.

**WHEREFORE,** Debtor requests the entry of an order authorizing it to employ and retain STEPHEN R. HARRIS, ESQ., and the law firm of HARRIS & PETRONI, LTD., pursuant to and under a general retainer on the terms and conditions recited above, to represent

it in this Chapter 11 case *nunc pro tunc* to April 24, 2013, and for such other and further relief as the Court deems just under the circumstances.

DATED this 29th day of May, 2013.

STEPHEN R. HARRIS, ESQ.
HARRIS & PETRONI, LTD

_____
Proposed Attorney for Debtor

HARRIS & PETRONI, LTD
ATTORNEYS AT LAW
417 WEST PLUMB LN.
RENO, NV 89509
775 786 7600

## VERIFICATION

I, BRUCE C. ANDERSON, declare under penalty of perjury, that I am the President of the Debtor named in the above captioned matter, that I have read the foregoing EX PARTE APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY ATTORNEYS UNDER A GENERAL RETAINER [HARRIS & PETRONI, LTD], and know the contents thereof; that the pleading is true of my own knowledge, except as to those matters stated on information and belief, and that as to such matters I believe them to be true.

Dated this 29TH day of May, 2013.

*Bruce C. Anderson*
BRUCE C. ANDERSON, Prseident of
KINSLEY RESOURCES, INC.

# EXHIBIT "A"

# HARRIS & PETRONI, LTD.
### ATTORNEYS AND COUNSELORS AT LAW

STEPHEN R. HARRIS  
GLORIA M. PETRONI  
CHRIS D. NICHOLS  

417 West Plumb Lane  
Reno, NV 89509  
(775) 786-7600  
(Fax) (775) 786-7764  

May 7, 2013

Kinsley Resources, Inc.  
Attn: Bruce C. Anderson, President  
237 Kensington Park  
Irvine, CA  92606  

Re:  **KINSLEY RESOURCES, INC. -  Chapter 11 reorganization proceeding**

Dear Mr. Anderson:

You have requested that STEPHEN R. HARRIS, ESQ., of HARRIS & PETRONI, LTD., represent **KINSLEY RESOURCES, INC., a Nevada corporation**, in a Chapter 11 reorganization proceeding which was filed as an involuntary petition in the United States Bankruptcy Court for the District of Nevada.  Pursuant to your request, this letter is to set forth the nature of our compensation, the scope of our legal representation, to describe to you our law firm's billing practices, and those things which will need to be done in the Chapter 11 context.

Specifically, the legal services already rendered and to be rendered by this law firm are as follows:

1. Preparation and filing of lists of secured and unsecured creditors, and mailing matrix;

2. Preparation and filing of schedules and statement of financial affairs;

3. Attendance at and responsibility for hearings, pretrial conferences, and trials arising from the bankruptcy filing (specifically, excluding any representation in state court and federal court actions, unless previously agreed) or any litigation arising in connection therewith;

4. Preparation, filing and presentation to the Bankruptcy Court of any pleading(s) necessary to protect the legal interests of **KINSLEY RESOURCES, INC.**, including but not limited to, sales of real and personal property, injunctive relief requests under §105 and any appropriate adversary actions;

5. Preparation, filing and presentation to the Bankruptcy Court of a disclosure statement and plan of reorganization under Chapter 11 of Title 11 of the United States Code;

6. Review of all claims made by creditors and interested parties, and of any

May 7, 2013
Page 2

        objections to claims which are disputed; and

7.    Preparation and presentation of a report of implementation of Plan and request for final decree closing the Chapter 11 case.

Additionally, we request that by executing the enclosed copy of this letter, you empower our law firm to take all steps in your case deemed by us to be advisable, including any steps needed to effect any compromise which may be in the best interests of the estate and to institute such legal proceedings as may be in your best interests.

In consideration of our rendering these legal services, you have tendered to this firm an advance retainer of Eight Thousand Eight Hundred Fifty Five and 60/100 Dollars ($8,855.60). For your information, legal services rendered on behalf of **KINSLEY RESOURCES, INC.**, will be billed and charged against the retainer at an hourly rate of $400.00 per hour for Stephen R. Harris, Esq., $375.00 per hour for Chris D. Nichols, Esq., $350.00 per hour for Gloria M. Petroni, Esq., and $225.00 per hour for paraprofessional services, depending on each paraprofessional's experience, plus reimbursement of necessary costs and out-of-pocket expenses, such as photocopy costs, court filing fees, process server fees, telephone charges, mail charges, for computerized legal research, telecopying, and overnight courier services. After depletion of the retainer, **KINSLEY RESOURCES, INC.**, has agreed to compensate **STEPHEN R. HARRIS, ESQ.**, and members of his law firm **HARRIS & PETRONI, LTD.**, on an hourly basis at the rates customarily charged by attorneys and legal assistants who render professional services on behalf of HARRIS & PETRONI, LTD.

You have deposited with the law firm's trust account the sum of Eight Thousand Eight Hundred Fifty Five and 60/100 Dollars ($8,855.60) as an advance retainer for said legal services and costs. I estimate that the total legal fees and costs incurred by the firm in this bankruptcy reorganization case to be $25,000.00 to $100,000.00, or more, depending on the complexity of the legal issues and the problems encountered, such as a contested confirmation hearing, which legal fees and costs are to be billed to **KINSLEY RESOURCES, INC.**.

Application for approval of fees and costs will need to be made to the Bankruptcy Court periodically, and we will also need to disclose our fee agreement to the Bankruptcy Court by the filing of a Disclosure Statement of Compensation under Federal Rule of Bankruptcy Procedure 2016(b).

In the course of providing legal services on behalf of the corporation, I am sure you realize that we must rely on your representations and statements as to facts and circumstances within your knowledge and the correctness of any and all documents delivered to the firm by you or your agents. Also, please know that we will utilize our best efforts in representing you.

You, or HARRIS & PETRONI, LTD. may, of course, terminate the employment of the law firm at any time. Upon such termination, the firm will charge against and pay from the retainer its unpaid fees and expenses and refund the remainder of the retainer, if any, to you. Additionally, we reserve the right to withdraw from representation of a client where our fees and expenses are not paid in the normal course. We generally do not prepare a periodic statement of

May 7, 2013
Page 3

account, only monthly accounts. If you ever have any questions whatsoever regarding any aspect of your monthly bill, please call.

Our charges are not contingent upon the successful conclusion, but are charged without regard to the outcome. Accordingly, we will look solely to you for payment, and our charges will not be dependent or contingent upon payment by any other party.

This letter is to memorialize some of what we have recently discussed, as well as those things that will need to be performed in a Chapter 11 proceeding.

1. We must file an alphabetical list of creditors, which includes unsecured as well as secured creditors.

2. From the list of creditors, we must file what is commonly referred to as a mailing matrix or mailing list, which is a mailing label list of creditors who are to receive notice of the bankruptcy petition filing and who will receive from the Bankruptcy Court a notice of hearing of a first meeting of creditors held in accordance with 11 U.S.C.§341.

3. Finally, we will prepare and file an alphabetical list of the 20 largest unsecured creditors, excluding insiders, which the Bankruptcy Court will use to solicit participants for a committee of unsecured creditors. You will pay for attorneys' fees and costs incurred by the duly appointed attorney for the Unsecured Creditors' Committee, after notice and a hearing on a request to be paid.

Within fourteen (14) days following the order for relief for Chapter 11, the Debtor is required to file with the Court, a Statement of Financial Affairs and Schedule of Assets and Liabilities. (See discussion below.) Also, it will be necessary to open new bank accounts reflecting that the maker of the checks is a debtor-in-possession. Alternatively, it is permissible to keep your existing account(s) and stamp all unused checks with a debtor-in-possession stamp, on condition that we provide the U.S. Trustee with a bank statement that shows an ending balance as of the date of the filing of the bankruptcy petition and a copy of the bank signature card indicating "Debtor-in-Possession." There should be a bank employee in the new accounts department who is familiar with this type of arrangement and should be able to help you.

In addition to the Schedules and Statements, there is a monthly operating report required to be filed with the Bankruptcy Court which will generally reflect the receipts and disbursements of the debtor-in-possession. It is my suggestion that the first monthly operating report be filed no later than the 20th day of the month. I would also request, rather than waiting until the 20th day of each month, that we make an attempt to submit the monthly operating reports no later than the 5th day of each month. In connection with this monthly accounting information, let me reiterate that it is extremely important that proper accounting controls and proper accounting records be maintained and prepared. Lack of proper accounting for receipts received during the pendency of the bankruptcy would be a prime reason for a creditor to request the appointment of a trustee and removal of the debtor-in-possession. I am sure you can understand that this is not something with which we need to contend.

May 7, 2013
Page 4

One of the items necessary to be filed with the Bankruptcy Court in the early days is a copy of the insurance policy which covers the property(s) in question. Additionally, it is extremely important during the pendency of the bankruptcy that all taxes be maintained current, i.e., payroll taxes and any income taxes owed to the Internal Revenue Service. This includes any payments required by the State of Nevada. It is not critical that the property taxes be maintained current, although to the extent that they are not paid they become a priority lien against the property.

## THE SCHEDULES

There are certain documents to be filed within fourteen (14) days of the filing of the bankruptcy. These are generally known as "the schedules" and consist of the Schedule of Assets and Liabilities and Statement of Financial Affairs. The Schedules must be filed with the Bankruptcy Court fourteen (14) days after the petition is filed. <u>Failure to file schedules by the deadline will result in the case being dismissed by the Court without notice.</u> If the case is dismissed for failure to file Schedules, it may not be possible to re-file for 6 months.

If you believe that you will encounter substantial difficulties in completing the Chapter 11 Schedules, contact me immediately. In order for us to complete the Schedules, it is essential that they be received five (5) days prior to the deadline for filing the Schedules with the Court, since we must edit, type and proofread them. I realize that accurately completing the Schedules will be a burdensome task. It is, however, essential that the Schedules be filed by the deadline. Bankruptcy is a privilege, not a right, and accurately completing and filing the Schedules by the filing deadline is one of the prices you have to pay for that privilege.

## THE MONTHLY REPORT AND HIRING OF PROFESSIONALS

I have enclosed for you a copy of the monthly report form which is required by the Bankruptcy Court. If you believe after inspection of the monthly report form that you will be able to generate it yourself, please let me know. If you believe that it will be necessary to hire an accountant to take care of this for you, please let me know so I can apply to the Court for authorization to hire such an accountant. The application for authorization to hire and pay an accountant is similar to that needed to retain an attorney. Please do not hire or pay an accountant for either pre- or post-petition work until I obtain Court authorization. In addition, as we have discussed, <u>do not pay any estate funds to this firm or any other law firm after the bankruptcy filing without prior Court authorization,</u> unless payments are made to that professional's trust account and disbursed to the general account after receiving Court approval to make said transfer(s).

## THE THREE ACCOUNTS

You will be required to open three separate bank accounts, assuming you are engaged in a business that has employees:

May 7, 2013
Page 5

    (a)    a general account in which all cash receipts shall be deposited; withdrawals from this account shall require the signature of an authorized officer;

    (b)    the payroll account, into which funds will be transferred from the general account; withdrawals from this account shall require the signature of an authorized officer; and

    (c)    in addition, you will need to open a tax account, into which funds shall be transferred from the general account; withdrawals from this account shall also require the signature of an authorized officer.

It will be necessary to deposit in the tax account all withholding, social security, unemployment, excise, sales, use or other taxes collected or received, withheld, for or on behalf of the United States, State of Nevada, State of California, or any political subdivision thereof.

Unfortunately, the requirement of three accounts is one which is seldom waived. Since it may be necessary to have some flexibility, and since we may need a favor from the Court in the future, I would rather not "go back to the well" too often on a matter which is not absolutely critical to the administration of the estate. [If you are not engaged in a business that has employees, then maintaining one (1) "debtor-in-possession" general bank account will be satisfactory with the Court.]

## UTILITIES

Your utility companies, upon receiving notification of the Chapter 11 case, will "close out" your accounts. If at all possible, the utilities should be current when the case is filed. The utility companies are not able to shut off service to you for non-payment of pre-petition accounts. However, they are able to demand a deposit for continuation of service to you if you are delinquent upon filing.

Pursuant to 11 U.S.C. §366(b), if you are not able to reach an agreement with the utilities within twenty (20) days after the date of filing, they _may_ attempt to shut off service unless you pay the unreasonable high deposit which they may demand.

Pursuant to that same statute, however, we can petition the Court for a reduction in the size of the deposit which will be demanded by the utility service. It has been my experience that I can sometimes negotiate a reduced deposit or deposit terms which can be lived with.

## ORDINARY COURSE OF BUSINESS TRANSACTIONS

A debtor-in-possession is no longer required to obtain authorization from the Court to continue operating the business. It is presumed that the ordinary Chapter 11 case will involve a debtor-in-possession who is operating a business which existed pre-petition. However, for any new, major or serious business transactions, which are even _arguably_ outside the ordinary course of business, it will be necessary to obtain prior authorization of the Bankruptcy Court. If you

May 7, 2013
Page 6

have any questions as to whether a particular transaction or change in the way you do business may be outside the ordinary course of business, <u>please</u> give me a call and we will discuss the matter. If, for instance, an entity should propose to buy the entire business, that matter would be subject to the approval of the Bankruptcy Court after appropriate notice and hearing; obtaining or paying back loans would in many cases also require Court approval.

CASH COLLATERAL

Most deeds of trust have a provision for an assignment of rents. Rental income may, therefore, be cash collateral. Do not use any such income without Court approval. You must, immediately upon filing the Voluntary Petition, obtain the written consent of secured creditors, or alternatively, authorization from the United States Bankruptcy Court, pursuant to 11 U.S.C. §363(c)(2), to use or sell cash collateral interests in the accounts receivable, cash inventory, general intangibles and/or equipment now owned by **KINSLEY RESOURCES, INC.**. Use of cash collateral, whether it is income from accounts receivable or rental income without Court approval <u>MAY RESULT IN PERSONAL LIABILITY OF THE RESPONSIBLE PARTY FOR THE DEBTOR-IN-POSSESSION FOR THE FUNDS USED.</u>

LEASEHOLD INTERESTS IN REAL PROPERTY

Most leasehold interests in real property terminate within one hundred twenty (120) days of filing the petition unless we take affirmative action. Make sure we discuss any real property interests of the estate long before the time has elapsed.

OTHER

Other matters we will need to discuss are those connected with the payment of unsecured pre-petition debts (the general rule is, don't pay them). As to any unsecured pre-petition debts which you believe may cause a problem, please call me and we will discuss them. Payments of those amounts will normally require Court authorization. I will see if I can obtain such authorization. As to payment of <u>post</u>- petition amounts, these amounts should be paid promptly and in the ordinary course of business. Please contact me immediately if there is any question in your mind as to whether a particular payable is partially pre- and partially post-petition, and if so, how it should be dealt with.

You will need to comply with the normal paperwork and reporting requirements of State and Federal taxing authorities. For instance, W-2 forms for all employees must be completed and distributed in a timely fashion. The filing of a petition in bankruptcy does not obviate requirements of this nature. Other issues involving taxes may need to be discussed after complete information regarding your particular situation is gathered and analyzed, and more than likely, a tax accountant professional will be hired to perform the necessary work in filing tax returns.

Another matter which we will discuss at greater length after I have reviewed the Statement of Affairs, which you have filled out, is the issue of preferences. It is at least possible that certain of your creditors who were paid within ninety (90) days of the bankruptcy petition

May 7, 2013
Page 7

may be forced to disgorge those amounts back to the estate. However, this will require further discussion and analysis.

Another matter which will require discussion is the state of your insurance policies. It is necessary to maintain insurance on the property of the estate, so that no diminution of estate property may occur as a result of a fire or similar event. We will discuss this matter further. I will continue to keep you informed of the progress of the case. We will need to stay in fairly close communication. I hope this is a quickly concluded, successful reorganization.

## TRUSTEE'S FEES

Since 1988, there has been a quarterly fee charged to Chapter 11 debtors, the purpose of which is to help defray the cost of operating the Bankruptcy Court system. The fee is based upon the quarterly disbursements of the Debtor in the following categories:

| DISBURSEMENT OF: | THE FEE, **PER QUARTER**, IS: |
|---|---|
| $14,999 or less | $325.00 |
| $15,000 to $74,999.99 | $650.00 |
| $75,000 to $149,999.99 | $975.00 |
| $150,000 to $224,999.99 | $1,625.00 |
| $225,000.00 to $299,999.99 | $1,950.00 |
| $300,000 to $999,999.99 | $4,875.00 |
| $1,000,000 to $1,999,999.99 | $6,500.00 |
| $2,000,000 to $2,999,999.99 | $9,750.00 |
| $3,000,000 to $4,999,999.99 | $10,400.00 |
| $5,000,000 to $14,999,999.99 | $13,000.00 |
| $15,000,000 to $29,999,999.99 | $20,000.00 |
| $30,000,000 or more | $30,000.00 |

The fee is payable on the last day of the calendar month following the calendar quarter for which the fee is owed. **The requirement for a Debtor-in-Possession to pay the quarterly fee terminates upon the entry of an Order closing your Chapter 11 case or dismissing the case.** Failure to pay the quarterly Trustee's fee within a timely fashion may result in the U.S. Trustee filing a MOTION TO DISMISS OR CONVERT TO CHAPTER 7 the Chapter 11 proceeding. It will be your responsibility to comply with the quarterly reporting requirements imposed by the Office of the U.S. Trustee.

Case 12-51217-btb    Doc 45    Entered 05/29/13 15:44:37    Page 14 of 14

May 7, 2013
Page 8

      If you find that the foregoing constitutes a correct and complete statement of the agreement under which you have retained HARRIS & PETRONI, LTD., please indicate your agreement in the space provided below. Feel free to contact me regarding any questions you might have. Thank you.

Very truly yours,

*[signature]*

STEPHEN R. HARRIS, ESQ.

**CONTENTS OF THIS RETAINER LETTER READ,
ACCEPTED AND ACKNOWLEDGED BY:**

KINSLEY RESOURCES, INC.,
a Nevada corporation

*[signature: Bruce C. Anderson]*
Bruce C. Anderson, President

Dated: 7th May 2013