John White, Esq.  
Bar Number 1741  
WHITE LAW CHARTERED  
335 West First St.  
Reno, NV, 89503  
775-322-8000  
775-322-1228 (Fax)  
john@whitelawchartered.com  

E-filed August 28, 2013

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

IN RE:

KINSLEY RESOURCES INC., a Nevada Corporation

Debtor

BK-N 12-51217-btb  
CHAPTER 11

OBJECTION TO CLAIM OF FOURTH & ONE

Hearing Date: November 20, 2013  
Hearing Time: 10:00 a.m.  
Estimated Time for hearing: 1 hour

COMES NOW NEVADA INDUSTRIAL MINERALS LIMITED, a creditor in this case ("NIML"), who objects to the Claim of Fourth & One ("Fourth"). Fourth's claim is detailed in the Debtor's Schedule D, filed herein May 14, 2013 as a $4,500,000 claim secured by patented and unpatented mining claims with an asserted value of $16,129,784 (the "Claim").

This objection to the Claim is made pursuant to 11 USC Section 502(b) and local rule 3007, and is based on the following grounds:

1. The Claim is unsupported by fact or law and is therefore invalid.

2. Fourth's note, on information and belief, has been paid in full and therefore Fourth is not a creditor.

3. A copy of the first page of the Claim, being continuation sheet 1 of 1 of Debtor's Schedule D (Docket 39) is attached hereto.

1

In support of this Objection, NIML relies upon the declaration of K. Sue Trimmer, Esq., filed separately herewith, the below Points and Authorities, and the files and records in this case.

Respectfully submitted this 28th day of August, 2013.

WHITE LAW CHARTERED

/s/ John White
John White, Esq.

**POINTS AND AUTHORITIES**

# 1 FACTS

Fourth loaned Debtor, Kinsley Resources Inc., significant monies on or about July 3, 2007. Debtor issued its promissory note to Fourth and secured repayment of those funds with a deed of trust, recorded in the Office of the White Pine, Nevada, County Recorder as document # 338245, at book 480, pages 505 through 581, on July 18, 2007. On that same day, Fourth and Kinsley entered into a Kinsley Mountain Term Sheet ("Term Sheet"), which permitted Debtor to convert the note to an ownership interest in Debtor under certain circumstances. The following "Terms of the Deal" are found on page 2 of the Term Sheet:

> 3) In the event that an immediate sale of the project to Dajobar Community Investment, LLC (listed in the letter of intent) does not occur, the cash investors will receive a pro-rated share of 10% of the pretax profits of the Kinsley Resources Inc, related to this project. The note shall be deemed paid in full and the Deed of trust reconveyed through the issuance of shares equaling 10% equity in Kinsley Resources, Inc. shall be issued pro-rata to each investor (and or assignee) based upon each one's capital contribution.
> . . .

A copy of that Term Sheet is attached as Exhibit 1 to the Declaration of Sue Trimmer, Esq. in Support, filed separately herewith.

Thereafter, Debtor asserted that it had converted the note to equity in accordance with the Term Sheet's provisions. See Exhibit 2 to the aforesaid Trimmer Declaration[1]

# 2 ARGUMENT

## 2.1 Applicable Standards/Standing

Though objections to claims are generally filed by the Trustee, 11 USC §502(a) allows any party in interest to object to a claim. §11 USC 502(b) provides that any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. Movant is clearly a party in interest as its claim may be rendered wholly or partially unsecured as a practical matter if Fourth's Claim is allowed, to wit NIML's claim (Claim No. 4) is for $5,156,671. Debtor's Schedule D shows that the Debtor values the property securing NIML's claim at $9,171,838 and that the property securing NIML's junior claim is included within the property securing Fourth's senior ($4,500,000) claim.

If a party in interest objects, the court, after notice and hearing, will determine the amount of the claim and will generally allow the claim except to the extent to the extent that the claim is "unenforceable against the debtor ... under any ... applicable law for a reason other than because such claim is contingent or unmatured." §11 USC 502(b)(1). A properly filed claim is presumed valid under Fed.R.Bankr.P. 3001(1). However, once an objection to the proof of claim is filed, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim[2].

---

[1] At some point litigation ensued between Fourth and Debtor in the Superior Court of California, County of Orange, Central Justice Center (30-2009-00123993) ("California Litigation"). Exhibit 2 is a Declaration of Debtor's President, Bruce Anderson. According to the Declaration of Sue Trimmer, Esq, Exhibit 2 was filed in connection with the California Litigation. NIML is informed and believes that the California Litigation was settled. However Fourth has to date refused to provide NIML with a copy of that settlement.

[2] *Ashforth v. Consolidated Pioneer Mortg. (In re Consolidated Mortg)*, 178 B.R. 222, 226 (9th Cir BAP

## 3  Fourth is not a secured creditor.

Fourth has not filed a claim in this Chapter 11 Case, nor is it required to file one so long as it consents to the manner in which its claim was scheduled by the Debtor. Fed.R.Bankr.P. 3003. However, the information attached to the supporting Declaration of Sue Trimmer shows that Fourth's Claim has been paid. Therefore it should not be allowed.

## 4  Conclusion

Based upon the foregoing, Debtors respectfully request that the Claim be disallowed in its entirely.

Dated this 28th day of August, 2013

WHITE LAW CHARTERED

/s/ John White
John White, Esq.

---

1995), *aff'd* 92 F.3d 151 (9th Cir. 1996).

B6D (Official Form 6D) (12/07)- Cont.

In re  KINSLEY RESOURCES, INC.                                    Case No.  12-51217
                          Debtor                                            (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>EUCON CORP. & DEATLEY CRUSHING<br>BRIEN DeATLEY<br>4418 E. 8TH AVE.<br>SPOKANE VALLEY, WA  99212 | | | PRINCIPAL BALANCE OF NOTE SECURED BY 6 UNPATENTED MINING CLAIMS IN ELKO COUNTY, NEVADA<br><br>VALUE $948,811.00 | | | | 300,000.00 | 0.00 |
| ACCOUNT NO.<br>FOURTH & ONE, LLC<br>C/O PAUL LEEDS<br>401 WEST A STREET, STE. 2600<br>SAN DIEGO, CA  92101-7910 | | | NOTE SECURED BY 44 LORD & SON UNPATENTED MINING CLAIMS, 54 KING UNPATENTED MINING CLAIMS IN ELKO AND WHITE PINE COUNTIES, AND 4 PATENTED MINING CLAIMS IN WHITE PINE COUNTY, NEVADA<br><br>VALUE $16,129,784.00 | | | | 4,500,000.00 | 0.00 |
| ACCOUNT NO.<br>LDP DIVERSIFIED LLC<br>C/O JOSEPH DE LA PASION<br>GENESIS REALTY SOLUTIONS LLC<br>427 SOUTH MEADOWBROOK LANE<br>OLATHE, KS  66062 | | | PRINCIPAL BALANCE OF NOTE SECURED BY STATE OF NEVADA APPROPRIATION PERMITS #52895, 80589, 80590 AND 80591 FOR WATER RIGHTS<br><br>VALUE $11,282,000.00 | | | | 100,000.00 | 0.00 |
| ACCOUNT NO.<br>VANCE, TERRY<br>100 ECNAV LANE<br>CRESCENT CITY, CA  95531 | | | PRINCIPAL BALANCE OF NOTE SECURED BY 5 UNPATENTED MINING CLAIMS IN ELKO COUNTY, NEVADA<br><br>VALUE $790,676.00 | | | | 155,088.04 | 0.00 |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal ➤
(Total of this page)                     $ 5,055,088.04   $ 0.00

Total ➤
(Use only on last page)                  $ 6,117,319.12   $ 0.00

(Report also on Summary of Schedules)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)